UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

BRADSHAW CONSTRUCTION CORPORATION,

Plaintiff,

v.

No. 1:14-cv-24385-CMA

LLOYD'S UNDERWRITERS AT LONDON,

Defendants.

_____/

---

## DEFENDANTS' MOTION AND INCORPORATED MEMORANDUM OF LAW TO DISMISS OR, ALTERNATIVELY, COMPEL ARBITRATION AND STAY THIS ACTION

---

Ardith Bronson (FBN 423025)
ardith.bronson@dlapiper.com
DLA PIPER LLP (US)
200 South Biscayne Boulevard
Suite 2500
Miami, FL 33131-5341
Phone: (305) 423-8500
Fax: (305) 503-9583

Aidan McCormack (*pro hac* pending)
aidan.mccormack@dlapiper.com
Mark Deckman (*pro hac* pending)
mark.deckman@dlapiper.com
DLA PIPER LLP (US)
1251 Avenue of the Americas
New York, NY 10020
Phone: (212) 335-4500

*Counsel for Defendants*

## Table of Contents

Page

INTRODUCTION ..................................................................................................1

FACTS ...................................................................................................................2

ARGUMENT .........................................................................................................4

    I.    THE PARTIES' DISPUTE IS ARBITRABLE ................................................4

    II.    THE ARBITRATION AGREEMENT IS VALID, ENFORCEABLE
          AND IRREVOCABLE UNDER THE FEDERAL ARBITRATION
          ACT AND FLORIDA LAW ...........................................................................5

CONCLUSION .....................................................................................................10

EAST\87176081.3

## TABLE OF AUTHORITIES

**Page(s)**

CASES

*Aronson v. Dean Witter Reynolds, Inc.,*
  675 F. Supp. 1324 (S.D. Fla. 1987) ............................................................................7

*Atl. Marine Constr. Co., Inc. v. U.S. Dist. Court for the W. Dist. of Tex.,*
  ___ U.S. ___, 134 S. Ct. 568, 187 L. Ed. 2d 487 (2013) ..........................................7

*Bhim v. Rent-A-Center, Inc.,*
  655 F. Supp. 2d 1307 (S.D. Fla. 2009) ...............................................................6, 7, 9

*Catastrophe Services, Inc. v. Fouche,*
  145 So.3d 151, 154 (Fla. 5th DCA 2014) ...................................................................6

*Dean Witter Reynolds v. Byrd,*
  470 U.S. 213, 105 S. Ct. 1238 (1985) .........................................................................7

*Florida Polk Cnty. v. Prison Health Servs., Inc.,*
  170 F.3d 1081 (11th Cir. 1999) ..................................................................................4

*Garcia v. Acosta Tractors, Inc.,*
  No. 12-21111-CIV, 2013 WL 462713 (S.D. Fla. 2013) ..........................................6, 7

*Hemispherx Biopharma, Inc. v. Johannesburg Consol. Invs.,*
  553 F.3d 1351 (11th Cir. 2008) ..................................................................................6

*Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.,*
  473 U.S. 614, 105 S. Ct. 3346 (1985) .........................................................................5

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,*
  460 U.S. 1, 103 S. Ct. 927 (1983) ...............................................................................5

*Musnick v. King Motor Co. of Fort Lauderdale,*
  325 F.3d 1255 (11th Cir. 2003) ..................................................................................6

*Phillips v. Gen. Accident Ins. Co. of Am.,*
  685 So.2d 27 (Fla. 3d DCA 1996) ..............................................................................8

*Picard v. Credit Solutions, Inc.,*
  564 F.3d 1249 (11th Cir. 2009) ..................................................................................6

EAST\87176081.3

*Sims v. Clarendon Nat. Ins. Co.*,
   336 F. Supp. 2d 1311 (S.D. Fla. 2004) ..................................................................................4, 9

*United Steelworkers of Am. v. Warrior & Gulf Navigation Co.*,
   363 U.S. 574, 80 S. Ct. 1347 (1960)..........................................................................................6

*Williams v. Metropcs Wireless, Inc.*,
   No. 09-22890, 2010 WL 1645099 (S.D. Fla. April 21, 2010)....................................................9

**STATUTES**

9 U.S.C. §1........................................................................................................................................5

9 U.S.C.A. §3.................................................................................................................................5, 7

Florida Arbitration Code § 682.02 (2009) ....................................................................................2, 8

Florida Arbitration Code § 682.03 (2009) ...............................................................................2, 8, 9

**OTHER AUTHORITIES**

FRCP 12(b)(1) .............................................................................................................................1, 2, 5

EAST\87176081.3

Defendants HDI-Gerling Industrial Insurance Company UK Branch, Starr Managing Agents Limited (SMAL), Torus Insurance (UK) Limited, Federal Insurance Company, Infrassure Limited, ACE European Group Limited, Mapfre Global Risks, Compania Internacional De Seguros Y Reaseguros and Hardy (Underwriting Agencies) (hereinafter, collectively "Insurers"), incorrectly sued herein as Lloyd's Underwriters at London, by counsel, respectfully submit this Motion and Incorporated Memorandum of Law to Dismiss or, Alternatively, Compel Arbitration And Stay This Action ("Motion").

**INTRODUCTION**

Under FRCP 12(b)(1) this action should be dismissed for lack of subject matter jurisdiction because the issues in dispute are subject to a valid and enforceable arbitration agreement.  Pursuant to the arbitration agreement between Insurers and Bradshaw Construction Corporation ("Bradshaw"), the submission of the issues to arbitration is a condition precedent to the commencement of a lawsuit, which Plaintiff has failed to comply with.

More specifically, Bradshaw expressly agreed to have disputes between the parties referred to an arbitrator.  The arbitration provision expressly provides that "[i]f *any differences shall arise as to the amount to be paid* under this Policy (liability being otherwise admitted) such differences *shall be referred to an Arbitrator* to be appointed by the parties in accordance with the statutory provisions in that behalf for the time being in force.  Where any difference is by this Condition to be referred to arbitration the making of an award shall be a condition precedent to any right of action against the Insurers." (emphasis added).

The Plaintiff, through its premature complaint, seeks indemnity and alleges that the Insurers breached the insurance contract, which contains the arbitration provision.  Insurers deny

any such indemnification obligation. Where, as here, there is a valid, enforceable and irrevocable arbitration agreement under the Federal Arbitration Act ("FAA") and the Florida Arbitration Code § 682.02 (2009), Bradshaw is required to arbitrate its claims against the Insurers.

Accordingly, since Bradshaw failed to comply with the valid and enforceable arbitration agreement, this Court should dismiss this action pursuant to FRCP 12(b)(1) or, in the alternative, Florida Arbitration Code § 682.03.  In the alternative, this Court should, at a minimum, stay these proceedings pending the result of the arbitration proceedings.

<b><u>FACTS</u></b>

Plaintiff's claim arose out of a project to install a 54" storm sewer tunnel under the I-595 in Broward County, Florida (the "Project"). Bradshaw was hired by Dragados USA, Inc. to perform the tunnel work for the Project.  Among other things, the subcontract between Bradshaw and Dragados required Bradshaw to install reinforced concrete pipe to be provided by Dragados.

As part of the project, an insurance contract was purchased naming, among others, Bradshaw as an insured.  More specifically, the Insurers issued insurance contract number B0901LB0912694000 with a policy period of March 4, 2009 to June 1, 2014 (the "Insurance Contract").   The insurance contract contains, among other things, a valid and enforceable arbitration agreement ("Arbitration Agreement").

The Arbitration Agreement provides in relevant part:

- 2 -

**General Conditions**

* * *

8.      ARBITRATION

> If any differences shall arise as to the amount to be paid
> under this Policy (liability being otherwise admitted) such
> differences shall be referred to an Arbitrator to be
> appointed by the parties in accordance with the statutory
> provisions in that behalf for the time being in force. Where
> any difference is by this Condition to be referred to
> arbitration the making of an award shall be a condition
> precedent to any right of action against the Insurers.

See Plaintiff's Complaint at Exhibits A and B (Dkt. 1-3).

During the project Bradshaw made a claim under the insurance contract and alleged that
multiple pipe joints structurally failed resulting in damage to the project.   The Insurers'
investigator, Crawford, investigated the loss and notified Bradshaw that the claim fell within the
applicable deductible.

Subsequent to the notification, Bradshaw filed the instant action seeking indemnity under
the policy.   Prior to doing so, however, Bradshaw failed to submit its dispute to arbitration as
required by the parties' Arbitration Agreement.

## ARGUMENT

### I.      THE PARTIES' DISPUTE IS ARBITRABLE

Bradshaw expressly agreed to have its dispute with the Insurers arising out of the
Insurance Contract resolved by arbitration.  The Arbitration Agreement specifically provides that
"[i]f *any differences shall arise as to the amount to be paid* under this Policy (liability being
otherwise admitted) such differences *shall be referred to an Arbitrator* to be appointed by the
parties in accordance with the statutory provisions in that behalf for the time being in force.

- 3 -

Where any difference is by this Condition to be referred to arbitration the making of an award shall be a condition precedent to any right of action against the Insurers."

Here, Bradshaw seeks in its complaint an amount to be paid under the Insurance Contract. The adjuster, however, has adjusted the amount of covered loss to a sum within the applicable deductible. Bradshaw in breach and in violation of a plain arbitration provision – commenced this action to seek a declaration that the Insurance Contract provides indemnity to Bradshaw.

This coverage dispute is clearly a "difference ... as to the amount to be paid under this Policy..." within the meaning of the Arbitration Agreement.

Indeed, in a very similar case that calls for the same outcome, this Court in *Sims v. Clarendon Nat. Ins. Co.*, 336 F. Supp. 2d 1311 (S.D. Fla. 2004) held that an insured's claim was subject to arbitration and that the arbitration clause was not unconscionable. This Court also stated that "it cannot be forgotten that the FAA also requires federal courts to interpret contracts in favor of arbitration." *Id.* at 1320. *See also Florida Polk Cnty. v. Prison Health Servs., Inc.*, 170 F.3d 1081, 1084 (11th Cir. 1999) ("[T]he provisions of a contract should be construed so as to give every provision meaning."). Thus, the coverage issues in dispute in this action are subject to the valid and enforceable Arbitration Agreement.

- 4 -

## II. THE ARBITRATION AGREEMENT IS VALID, ENFORCEABLE AND IRREVOCABLE UNDER THE FEDERAL ARBITRATION ACT AND FLORIDA LAW

Since there is a binding written agreement to arbitrate between the parties, the FAA and Florida law both view agreements to arbitrate favorably and Bradshaw is obligated to arbitrate this dispute with Insurers as a matter of law as required by the Arbitration Agreement.

In all material respects, the FAA is similar to the Florida Arbitration Code. The main difference between the two statutes is that the FAA must be applied when the arbitration agreement at issue involves interstate commerce. *See* 9 U.S.C. §1.

Under the FAA, an Arbitration Agreement is valid and enforceable if it is in writing and the applicant for the stay is not in default in proceeding with such arbitration. *See* 9 U.S.C.A. §3.

Here, Bradshaw must arbitrate its claims against the Insurers pursuant to the FAA. The FAA governs Bradshaw's and the Insurers' rights and responsibilities under the Arbitration Agreement. The FAA applies when the arbitration agreement at issue involves interstate commerce. *See* 9 U.S.C. §1. Here, the insurance contract at issue clearly involves interstate commerce as it was issued to Bradshaw by foreign Insurers. *See id.*

Under 9 U.S.C. §1 of the FAA, a written agreement to arbitrate in a contract "shall be valid, irrevocable, and enforceable...." *Id.* Federal policy clearly favors arbitration agreements and courts have consistently enforced them. *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24, 103 S. Ct. 927, 941 (1983) (stating federal "policy favoring arbitration agreements"); *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626, 105 S. Ct. 3346, 3355-57 (1985) (court held arbitration agreement valid and enforceable.); *Musnick v. King Motor Co. of Fort Lauderdale*, 325 F.3d 1255, 1258 (11th Cir.

- 5 -

2003) (finding that the FAA creates a strong federal policy in favor of arbitration); *Garcia v. Acosta Tractors, Inc.*, No. 12-21111-CIV, 2013 WL 462713, \*3 (S.D. Fla. 2013) ("[t]he Federal Arbitration Act ("FAA") embodies a 'liberal federal policy favoring arbitration agreements,' and federal courts are required to 'rigorously enforce' agreements to arbitrate.") (quoting *Hemispherx Biopharma, Inc. v. Johannesburg Consol. Invs.*, 553 F.3d 1351, 1366 (11th Cir. 2008); *Catastrophe Services, Inc. v. Fouche*, 145 So.3d 151, 154 (Fla. 5th DCA 2014) ("Federal Arbitration Act (FAA) applies to agreements evidencing a transaction involving interstate commerce.").

The appropriate standard for determining the scope of an agreement to arbitrate is as follows:

> [T]he heavy presumption of arbitrability requires that when the scope of the arbitration clause is open to question, a court must decide the question in favor of arbitration, … [such that] "[a]n order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage.

*United Steelworkers of Am. v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582-83, 80 S. Ct. 1347, 1352-53 (1960). Any question of arbitrability should be resolved in favor of arbitration. *Picard v. Credit Solutions, Inc.*, 564 F.3d 1249, 1253 (11th Cir. 2009); *Bhim v. Rent-A-Center, Inc.*, 655 F. Supp. 2d 1307, 1311 (S.D. Fla. 2009) ("The Arbitration Act establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration.").

Further, the FAA provides that when "any suit or proceeding [is] brought in [a district court] upon any issue referable to arbitration under an agreement," the Court shall "stay the trial

- 6 -

EAST\87176081.3

of the action until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3; *see also Garcia*, 2013 WL 462713, *3 (same).

In a recent decision, the United States Supreme Court held that "a valid forum-selection clause [should be] given controlling weight in all but the most exceptional circumstances." *Atl. Marine Constr. Co., Inc. v. U.S. Dist. Court for the W. Dist. of Tex.*, ___ U.S. ___, 134 S. Ct. 568, 574, 187 L. Ed. 2d 487, 501 (2013) (citations omitted). The United States Supreme Court explained that:

> When parties have contracted in advance to litigate disputes in a particular forum, courts should not unnecessarily disrupt the parties' settled expectations. A forum-selection clause, after all, may have figured centrally in the parties' negotiations and may have affected how they set monetary and other contractual terms; it may, in fact, have been a critical factor in their agreement to do business together in the first place. In all but the most un-unusual cases, therefore, "the interest of justice" is served by holding parties to their bargain." *Id.* at 583, 187 L. Ed. 2d at 503.

Thus, agreements to arbitrate are presumptively enforceable under the FAA, and the courts are charged to rigorously enforce such agreements. *See Dean Witter Reynolds v. Byrd*, 470 U.S. 213, 221, 105 S. Ct. 1238, 1242 (1985); *Bhim*, 655 F. Supp. 2d at 1311 ("Federal Arbitration Act establishes a federal policy favoring arbitration, requiring that courts rigorously enforce agreements to arbitrate.").

A party opposing arbitration "has the affirmative duty of coming forward by way of affidavit or allegation of fact to show cause why the court should not compel arbitration," which is a burden "not unlike that of a party seeking summary judgment." *Aronson v. Dean Witter Reynolds, Inc.*, 675 F. Supp. 1324, 1325 (S.D. Fla. 1987). Plaintiff cannot do so here.

EAST\87176081.3

Accordingly, the FAA applies and requires that the parties proceed to arbitration before litigation ensues. Under the FAA, arbitration should be compelled and this action should be dismissed or stayed.

Even assuming Florida law applies, which it does not, arbitration agreements also are valid and enforceable. *See* Florida Arbitration Code § 682.02 (2009) ("Two or more parties may agree in writing to submit to arbitration any controversy existing between them at the time of the agreement, or they may include in a written contract a provision for the settlement by arbitration of any controversy thereafter arising between them relating to such contract or the failure or refusal to perform the whole or any part thereof. … **Such agreement or provision shall be valid, enforceable, and irrevocable** without regard to the justiciable character of the controversy; provided that this act shall not apply to any such agreement or provision to arbitrate in which it is stipulated that this law shall not apply or to any arbitration or award thereunder.") (Emphasis added).

If a party refuses to arbitrate, a party to the agreement "may make application to the court for an order directing the parties to proceed with arbitration in accordance with the terms thereof." *See* Florida Arbitration Code § 682.03 (2009).[1] *See also Phillips v. Gen. Accident Ins.*

---

[1]        Florida Arbitration Code § 682.03 (Proceedings to compel and to stay arbitration) provides:

> (1)   A party to an agreement or provision for arbitration subject to this law claiming the neglect or refusal of another party thereto to comply therewith may make application to the court for an order directing the parties to proceed with arbitration in accordance with the terms thereof. If the court is satisfied that no substantial issue exists as to the making of the agreement or provision, it shall grant the application. If the court shall find that a substantial issue is raised as to the making of the agreement or provision, it shall summarily hear and determine the issue and, according to its determination, shall grant or deny the application.

Footnotes continued on next page.

EAST\87176081.3

*Co. of Am.*, 685 So.2d 27, 29 (Fla. 3d DCA 1996) (interpreting the Florida Arbitration Code, § 682.03, Fla. Stat. (1987) as limiting the courts' consideration of claims for arbitration to 1) whether a valid written agreement exists containing an arbitration clause; 2) whether an arbitrable issue exists; and 3) whether the right to arbitrate was waived).

Likewise, in *Williams v. Metropcs Wireless, Inc.*, No. 09-22890, 2010 WL 1645099 (S.D. Fla. April 21, 2010), Your Honor enforced an arbitration provision.[2] *See also Sims, supra.* (insured's claim was subject to the arbitration clause and was not unconscionable). In *Sims,* this Court granted Insurer's motion to dismiss, in part, and stayed the action pending arbitration.

Similarly, Judge K. Michael Moore of the Southern District of Florida also held in *Bhim v. Rent-A-Center, Inc.*, 655 F. Supp. 2d 1307 (S.D. Fla. 2009) that the arbitration provision at issue was valid and enforceable and was not substantively or procedurally unconscionable.

---

Footnotes continued from previous page.

(2)   If an issue referable to arbitration under an agreement or provision for arbitration subject to this law becomes involved in an action or proceeding pending in a court having jurisdiction to hear an application under subsection (1), such application shall be made in said court. Otherwise and subject to s. 682.19, such application may be made in any court of competent jurisdiction.

(3)   Any action or proceeding involving an issue subject to arbitration under this law shall be stayed if an order for arbitration or an application therefor has been made under this section or, if the issue is severable, the stay may be with respect thereto only. When the application is made in such action or proceeding, the order for arbitration shall include such stay.

(4)   On application the court may stay an arbitration proceeding commenced or about to be commenced, if it shall find that no agreement or provision for arbitration subject to this law exists between the party making the application and the party causing the arbitration to be had. The court shall summarily hear and determine the issue of the making of the agreement or provision and, according to its determination, shall grant or deny the application.

(5)   An order for arbitration shall not be refused on the ground that the claim in issue lacks merit or bona fides or because any fault or grounds for the claim sought to be arbitrated have not been shown.

[2] The case was ultimately stayed pending the Florida Supreme Court's resolution of whether a class action waiver is substantively unconscionable.

The Arbitration Agreement involved here, and cited above in full, clearly and unambiguously requires that "[i]f any differences shall arise as to the amount to be paid under this Policy (liability being otherwise admitted) such differences shall be referred to an Arbitrator to be appointed by the parties in accordance with the statutory provisions in that behalf for the time being in force.  Where any difference is by this Condition to be referred to arbitration the making of an award shall be a condition precedent to any right of action against the Insurers."

The difference over the amount to be paid asserted in Bradshaw's claims against the Insurers clearly fall within the Arbitration Agreement as a difference over the amount to be paid under the policy.

Bradshaw's attempt to adjudicate the dispute in court is contrary to the express terms of the policy, and represent Bradshaw's refusal to arbitrate.

Here, there can be no doubt that Bradshaw and the Insurers agreed to have all differences over the amount to be paid under the policy resolved by arbitration. To ensure this result, the policy specifically included an Arbitration provision. Bradshaw has not, and simply cannot, assert that it did not enter into an insurance contract with the Insurers – an insurance contract that specifically included an arbitration provision.

## CONCLUSION

For all the foregoing above reasons, Insurers respectfully move this Court to enter an Order dismissing this action or, alternatively, compelling arbitration and staying all proceedings against Insurers pending the outcome of arbitration.

- 10 -

EAST\87176081.3

Dated: January 15, 2015

Respectfully submitted,

*/s/ Ardith Bronson*
Ardith Bronson (FBN 423025)
ardith.bronson@dlapiper.com
DLA PIPER LLP (US)
200 South Biscayne Boulevard
Suite 2500
Miami, FL 33131-5341
Phone: (305) 423-8500
Fax: (305) 503-9583

Aidan McCormack (*pro hac* pending)
aidan.mccormack@dlapiper.com
Mark Deckman (*pro hac* pending)
mark.deckman@dlapiper.com
DLA PIPER LLP (US)
1251 Avenue of the Americas
New York, NY 10020
Phone: (212) 335-4500

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on January 15, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Ardith Bronson
Ardith Bronson (FBN 423025)

**Service List**
Christine A. Gudaitis
cgudaitis@vpl-law.com
Ashley Brooke Hacker
ahacker@vpl-law.com
Ver Ploeg & Lumpkin
100 S.E. 2nd Street
30th Floor
Miami, FL 331331-2154
Tel. (305) 577-3996
Fax: (305) 577-3558

*Counsel for Plaintiff*
*Bradshaw Construction Corporation*

- 12 -