# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

CASE NO: 14-cv-24385-Altonaga/O'Sullivan

BRADSHAW CONSTRUCTION
CORPORATION,

    *Plaintiff*,

vs.

UNDERWRITERS AT LLOYD'S, LONDON, a
foreign surplus lines insurance carrier;
HDI-GERLING INDUSTRIAL INSURANCE
COMPANY UK BRANCH; STARR
MANAGING AGENTS LIMITED (SMAL);
TORUS INSURANCE (UK) LIMITED;
FEDERAL INSURANCE COMPANY;
INFRASSURE LIMITED; ACE EUROPEAN
GROUP LIMITED; MAPFRE GLOBAL RISKS,
COMPANIA INTERNACIONAL DE
SEGUROS Y REASEGUROS; and HARDY
(UNDERWRITING AGENCIES),

    *Defendants*.

_____/

## AMENDED COMPLAINT

Plaintiff, Bradshaw Construction Corporation ("Bradshaw"), sues Defendants, Underwriters at Lloyd's, London ("Lloyds"), HDI-Gerling Industrial Insurance Company UK Branch ("HDI-Gerling"), Starr Managing Agents Limited (SMAL) ("Starr"), Torus Insurance (UK) Limited ("Torus"), Federal Insurance Company ("Federal"), Infrassure Limited ("Infrassure"), ACE European Group Limited ("ACE"), Mapfre Global Risks, Compania Internacional De Seguros Y Reaseguros ("Mapfre"), and Hardy (Underwriting Agencies) ("Hardy"), and alleges:

CASE NO: 14-cv-24385-Altonaga/O'Sullivan

## NATURE OF ACTION

1. This is an action for damages for breach of contract arising out of the failure of Lloyd's, HDI-Gerling, Starr, Torus, Federal, Infrassure, ACE, Mapfre, and Hardy (collectively, "Insurers") to comply with their indemnity obligations under the insurance policy described below.

## JURISDICTION

2. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a). This action involves parties of diverse citizenship, as set forth in paragraphs 4-13 below, and the amount in controversy exceeds $75,000.00, exclusive of interest, costs, and attorney's fees.

## VENUE

3. Venue is proper in the Southern District of Florida pursuant to U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this action occurred in this judicial district, *to wit*, the insured project was located in this district, a state court action related to the subcontract between Bradshaw and Dragados USA, Inc. ("Dragados") is pending in this district, and the events giving rise to the claim occurred in this district.

## PARTIES

4. Bradshaw:  At all material times, Bradshaw was a corporation organized and existing under the laws of the State of Maryland, with its principal place of business in Eldersburg, Maryland. Bradshaw was and is engaged in the business of microtunneling, which is the installation of small-diameter tunnels with remotely-operated microtunnel boring machines.

5. Lloyds:  At all material times, and upon information and belief, Lloyds was and is a London-based collective consortium of insurers offering surplus lines of coverage in the United States, with its principal place of business in London, England. Upon information and belief, the following comprise the consortium of insurers with respect to the Policy described below:

    a. Starr ManagingAgents Limited (SMAL);

    b. HDI-Gerling Industrial Insurance Company UK Branch;

    c. Torus Insurance (UK) Limited;

    d. Mapfre Global Risks, Compania Internacional De Seguros Y Reaseguros;

    e. Infrassure Limited;

    f. Hardy (Underwriting Agencies);

    g. Federal Insurance Company; and

    h. ACE European Group Limited

6. <u>Starr Managing Agents Limited (SMAL) ("Starr")</u>: Upon information and belief, Starr is an entity organized under the laws of the United Kingdom with its principal place of business in London, England.

7. <u>HDI-Gerling Industrial Insurance Company UK Branch ("HDI-Gerling")</u>: Upon information and belief, HDI-Gerling is a corporation organized under the laws of the Federal Republic of Germany with its principal place of business in Hannover, Germany.

8. <u>Torus Insurance (UK) Limited ("Torus")</u>: Upon information and belief, Torus is an entity organized under the laws of the United Kingdom with its principal place of business in London, England.

9. <u>Mapfre Global Risks, Compania Internacional De Seguros Y Reaseguros ("Mapfre")</u>: Upon information and belief, Mapfre is a New Jersey company with its principal place of business in Florham Park, New Jersey.

10. <u>Infrassure Limited ("Infrassure")</u>: Upon information and belief, Infrassure is an entity organized under the laws of Switzerland with its principal place of business in Zurich, Switzerland.

11.   <u>Hardy (Underwriting Agencies) ("Hardy")</u>: Upon information and belief, Hardy is an entity organized under the laws of the United Kingdom with its principal place of business in London, England.

12.   <u>Federal Insurance Company ("Federal")</u>: Upon information and belief, Federal is an Indiana company with its principal place of business in Warren, New Jersey.

13.   <u>ACE European Group Limited ("ACE")</u>: Upon information and belief, ACE is an entity organized under the laws of the United Kingdom with its principal place of business in London, England.

## FACTUAL BACKGROUND

## THE POLICY

14.   The Insurers issued and delivered to ACS Infrastructure Development, Inc. ("ACS") as the named insured a Contractors "All Risks" Insurance policy, bearing policy number: B0901 LB0912448 000 ("Policy").  The Policy covered the Project described below.  Policy, Pg. 3.  A copy of the Policy is attached as **Exhibit A**[1].

15.   Insured Property is defined by the Policy as:

> The Insured Property is defined as follows, being property belonging to the Insured or for which the Insured is responsible or in respect of which they have undertaken to obtain insurance:
>
> the permanent and/or temporary works, materials (including free issue materials) and supplies, goods and any other property, for which the Insured is responsible, intended for use in connection with or for incorporation in the

---

[1] Bradshaw is without knowledge as to whether the attached Policy received from Crawford & Company ("Crawford"), the Nominated Loss Adjuster for the Insurers pursuant to the Policy, is a complete, true, and correct copy.  Despite repeated requests, Bradshaw is not in possession of a certified copy of the Policy.  Bradshaw is also in possession of a policy document received from Crawford bearing policy number B0901 LB0912694 000.  A copy of that Policy is attached as **Exhibit B.**  Bradshaw reserves the right to supplement its pleadings with additional information pertaining to the Policy as and when learned through discovery.

works by the Insured while at the Contract Site and during the course of any transit (other than transit by air or sea), place of storage and accommodation and all loading and unloading incidental thereto while within the Insured Location.

*\*\*\**

Policy, Pg. 7.

8.  The Policy insured the following entities:

    (1) The Concessionaire
    ACS Infrastructure Development and/or its shareholders and/or its subsidiary and/or its parent company (and its subsidiary companies) …

    (2) The Authority
    The State of Florida / Florida Department of Transportation (FDOT)

    (3) The Contractor
    Dragados USA, Inc., General Contractor and/or its partners and/or subsidiary and/or its parent company (and its subsidiary companies)

    (4) The Operator
    I 595 Express LLC and/or its shareholders and/or its subsidiary and/or its parent company (and its subsidiary companies)

    (5) Subcontractors of any tier
    Suppliers and/or consultants (Section I – in respect of their site activities only)

    (6) Funders
    as Security Trustee (and Global Agent for and on Behalf of the Finance Parties under the Funding Agreements) as more fully defined in the Funding Agreements and their permitted successors, assigns, agents, directors, officers, employees and servants

*\*\*\**

Policy, Pg. 2.

9.  Bradshaw is an Insured under the Policy. *See* Policy, Pg. 2.

10. Pursuant to the Policy, the Insurers promised to "indemnify the Insured in respect of physical loss of or physical damage to the Insured Property occurring during the Period of Insurance from any cause whatsoever except as hereinafter excluded…." *See* Policy, Pg. 7.

11.     Pursuant to the Policy, the "Sum Insured/Limit of Liability" for Section I is "USD 1,200,000,000 being the estimated contract value" and "Sublimit USD 100,000,000 any one occurrence or series of occurrences arising out of one original cause." *See* Policy, Pg. 3.

## THE PROJECT

12.     On February 25, 2010[2], Dragados entered a subcontract with Bradshaw, pursuant to which Bradshaw was to perform microtunnel work for a project known as the 595 Corridor Roadway Improvements Project, located in Broward County, Florida ("Project"). Among other things, the subcontract required Bradshaw to install reinforced concrete pipe to be provided by Dragados.

13.     In August 2010, while Bradshaw was properly performing work on the Project, multiple pipe joints structurally failed. The structural failure of one of the underground pipe joints resulted in damage to the Project. Bradshaw suffered significant damages as a result of the failure, including costs to repair and complete the Project, as well as consequential delay and other damages.

14.     Bradshaw timely reported its claim in connection with the Project to Aon Risk Services, Inc. ("Aon") pursuant to the Policy.

15.     On October 14, 2010, Ms. Susan Bendig, Director of Claims for Aon, requested that Bradshaw provide a "detailed breakdown … regarding the costs of repairs for the damage that occurred." On November 11, 2010, Bradshaw provided Aon a binder of the requested information, as well as supporting documentation.

16.     In March 2011, and in response to Bradshaw's request, Aon provided the Builders Risk section of the Policy to Dragados, who forwarded same to Bradshaw's agent at Atlantic Risk

---

[2] Though the contract was dated February 25, 2010, it was executed on April 9, 2010.

Management. Aon did not provide the complete Policy; the portion provided was missing significant terms and contained redactions.

17. Following demobilization at the Project on May 24, 2011, Bradshaw provided Aon with an updated repair cost summary on June 8, 2011 (again with documentation), and a complete claim submission binder on June 9, 2011.

18. Numerous discussions regarding Bradshaw's claim took place during 2011 between representatives of Bradshaw and Crawford.

19. Ms. Alejandra Evans subsequently took over for Ms. Bendig at Aon; Ms. Evans proposed a meeting with Mr. Peter Moreno of Crawford and Mr. Scott Nissen of Aon.

20. On January 16, 2012, Ms. Evans emailed Mr. Joe Bradshaw of Bradshaw as follows:

> As you and I discussed on November 8, 2011, it is important that we meet with the Crawford adjuster, Bradshaw team and Aon to finalize the agreed upon amount for the claim damages. The adjuster for this claim believes the covered damages by the Builder's Risk policy to be well below the initial estimate submitted by Bradshaw. Aon wants to ensure that the damages to be covered accurately represent all recoverable expenses but we need to go over the expense items that are being disputed by the adjuster with Bradshaw in order to bring this to final resolution. In the absence of this meeting, we will have to accept what Crawford has stipulated, which is less than $1m. … I am copying my colleague Scott Nissen who is our Builder's Risk expert as he will be part of the meeting as well.

21. On February 1, 2012, a meeting took place between Ms. Evans, Mr. Joe Bradshaw and Mr. Michael Gibson of Bradshaw at Aon's office in Miami. At that meeting, Bradshaw was advised that Crawford proposed an offer of $958,000.00 to settle Bradshaw's claim (before application of any deductible), and that a release of the named insured would be required. No breakdown or explanation of the amount of the Insurers' offer was provided at that meeting, or since. At the conclusion of the February 2012 meeting, another meeting was proposed to be held between

Ms. Evans, Bradshaw, Mr. Nissen, and Bradshaw's insurance agency to discuss the policy. Ms. Evans advised that she would "get back to Bradshaw on equipment and intent of policy."

22. No one from Aon or Crawford ever got back to Bradshaw with the promised information.

23. On March 14, 2012, Bradshaw brought suit against Dragados and others, *Bradshaw Construction Corp. v. Dragados USA, Inc., et al.,* No. 12-10007CA22 (Miami-Dade County Cir. Ct.), related to the damages incurred as a result of the Project. The case is currently operating under a *de facto* stay pending arbitration.

24. Following the 2012 meeting, Bradshaw requested the Policy numerous times, but received only an incomplete redacted copy. On February 26, 2014, March 7, 2014, March 18, 2014, March 24, 2014, and March 26, 2014, Bradshaw made written requests to the Insurers for a complete copy of the Policy. Other requests were made telephonically.

25. On April 26, 2014, the Insurers sent fragmented parts of two policy documents.

26. On June 17, 2014, Mr. Richard Lafayette of Crawford sent what appears to be a complete copy of a policy document bearing policy number B0901 LB0912448 000 (though Mr. Lafayette's email attaching the document references LB0912488). Despite subsequent requests, Bradshaw has still not received the terms and conditions of policy No. LB0912694 000, which Crawford states is the policy under which "we completed the order."

27. Bradshaw also requested a written explanation for the 2012 offer of compromise settlement, but Mr. Lafayette advised that Crawford was unable to find any information in its files regarding its 2012 offer to Bradshaw of $958,000.00.

28. Aon now disclaims that the February 1, 2012 meeting ever took place; Crawford disclaims the Insurers ever made an offer. The Insurers continue to dispute that this occurred despite

the detailed narrative and supporting documentation pertaining to the meeting and offer that Bradshaw submitted on May 6, 2014.

29. Frustrated by the Insurers' failure to provide a complete copy of the Policy or a written explanation for the 2012 offer of compromise settlement, Bradshaw filed a Civil Remedy Notice of Insurer Violations ("CRN") against the Insurers on April 14, 2014. The Insurers responded on May 12, 2014, but only provided (again) what appeared to be a portion of the Policy and offered no explanation for their offer of compromise settlement.

30. On May 1, 2014, Crawford, on behalf of the Insurers, denied coverage for the claim under the Policy.

31. Bradshaw filed a second CRN on August 22, 2014, to encourage the Insurers to promptly pay the claim. The Insurers responded on October 6, 2014, with a response identical to the one they issued in response to Bradshaw's first CRN.

32. The sixty-day period within which the Insurers were required to pay the claim or cure the violations enumerated in Bradshaw's CRNs expired on June 13, 2014 and October 21, 2014, respectively. The Insurers failed to pay the claim or cure the statutory violations alleged in Bradshaw's CRNs within the statutorily-mandated time periods.

33. On August 22, 2014, Bradshaw made a final effort to resolve the matter before filing suit by sending the Insurers a time sensitive demand letter. The Insurers responded to the demand letter on October 2, 2014, refusing to reconsider their coverage denial.

## GENERAL ALLEGATIONS

34. Bradshaw has engaged undersigned counsel to represent it in this action, and has agreed to pay a reasonable fee for services rendered.

35. All conditions precedent to bringing this action have been performed, occurred, or have otherwise been waived.

## COUNT I – BREACH OF CONTRACT

36. Bradshaw realleges paragraphs 1 through 35 above.

37. <u>Enforceable contract</u>: At all times material to this action, Bradshaw was insured under the Policy, which is an enforceable contract under the laws of the State of Florida. All conditions precedent for coverage under the Policy have been satisfied.

38. <u>Duty</u>: The Policy obligates the Insurers to, *inter alia*, indemnify Bradshaw in relation to the Project, except as may be limited by exclusions or other limitations.

39. <u>Breach</u>: The Insurers, through the acts of their agents, servants, and/or employees, failed to perform their obligations under the Policy as alleged herein and thus breached the Policy by failing to indemnify Bradshaw in relation to the Project. No exclusions or other limitation apply.

40. <u>Damages</u>: As a direct, foreseeable, and proximate result of the Insurers' breach of their obligations under the Policy, Bradshaw has suffered and continues to suffer damages.

**WHEREFORE**, Plaintiff, Bradshaw Construction Corporation, demands judgment against Defendants, Underwriters at Lloyd's, London, HDI-Gerling Industrial Insurance Company UK Branch, Starr Managing Agents Limited (SMAL), Torus Insurance (UK) Limited, Federal Insurance Company, Infrassure Limited, ACE European Group Limited, Mapfre Global Risks, Compania Internacional De Seguros Y Reaseguros, and Hardy (Underwriting Agencies) for damages in an amount to be proven at trial, the costs of this action, pre- and post-judgment interest, attorney's fees pursuant to Fla. Stat. § 627.428 and/or § 626.9373, and any other relief this Court deems equitable, just, and proper.

CASE NO: 14-cv-24385-Altonaga/O'Sullivan

## JURY DEMAND

Plaintiff, Bradshaw Construction Corporation, demands a trial by jury of all issues so triable as a matter of right.

>Respectfully submitted,
>
>**Ver Ploeg & Lumpkin, P.A.**
>100 S.E. Second Street
>Thirtieth Floor
>Miami, Florida 33131
>Telephone: (305) 577-3996
>Facsimile: (305) 577-6558
>
>*/s/ Christine A. Gudaitis*
>**Christine A. Gudaitis, Esq.**
>Florida Bar No. 0502693
>cgudaitis@vpl-law.com
>**Ashley B. Hacker, Esq.**
>Florida Bar No. 71924
>ahacker@vpl-law.com

## CERTIFICATE OF SERVICE

**I hereby certify** that a true and correct copy of the foregoing was served via transmission of Notices of Electronic Filing generated by CM/ECF on this 30th day of March 2015 on all counsel of record on the Service List below.

>*/s/ Christine A. Gudaitis*
>**Christine A. Gudaitis, Esq.**

CASE NO: 14-cv-24385-Altonaga/O'Sullivan

**SERVICE LIST**

| | |
|---|---|
| Christine A. Gudaitis, Esq.<br>Ashley B. Hacker, Esq.<br>Ver Ploeg & Lumpkin, P.A.<br>100 S.E. Second Street<br>Thirtieth Floor<br>Miami, Florida 33131<br>Telephone: (305) 577-3996<br>Facsimile: (305) 577-6558<br>cgudaitis@vpl-law.com<br>ahacker@vpl-law.com<br>*Attorneys for Plaintiff,*<br>*Bradshaw Construction Corporation* | Ardith M. Bronson, Esq.<br>DLA Piper LLP (US)<br>200 Biscayne Blvd.<br>Twenty-Fifth Floor<br>Miami, Florida 33132<br>Telephone: (305) 423-8562<br>Facsimile: (305) 675-6366<br>Ardith.bronson@dlapiper.com<br><br>Mark Deckman, Esq.<br>Aidan McCormack, Esq.<br>DLA Piper LLP (US)<br>1251 Avenue of the Americas<br>New York, New York 10020-1104<br>Telephone: (212) 335-4518<br>mark.deckman@dlapiper.com<br>aidan.mccormack@dlapiper.com<br>*Attorneys for Defendant,*<br>*Underwriters at Lloyd's London* |