UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

BRADSHAW CONSTRUCTION CORPORATION,

Plaintiff,

v.                                          No. 1:14-cv-24385-CMA

LLOYD'S UNDERWRITERS AT LONDON, a
foreign surplus lines insurance carrier;
HDI-GERLING INDUSTRIAL INSURANCE
COMPANY UK BRANCH; STARR
MANAGING AGENTS LIMITED (SMAL);
TORUS INSURANCE (UK) LIMITED;
FEDERAL INSURANCE COMPANY;
INFRASSURE LIMITED; ACE EUROPEAN
GROUP LIMITED; MAPFRE GLOBAL RISKS,
COMPANIA INTERNACIONAL DE
SEGUROS Y REASEGUROS; and HARDY
(UNDERWRITING AGENCIES),

Defendants.

_____/

---

**DEFENDANTS' MOTION AND INCORPORATED MEMORANDUM OF LAW TO
DISMISS OR, ALTERNATIVELY, COMPEL ARBITRATION
AND STAY THIS ACTION**

---

Ardith Bronson (FBN 423025)
ardith.bronson@dlapiper.com
DLA PIPER LLP (US)
200 South Biscayne Boulevard
Suite 2500
Miami, FL 33131-5341
Phone: (305) 423-8500
Fax: (305) 503-9583

Aidan M. McCormack (pro hac)
aidan.mccormack@dlapiper.com
Mark L. Deckman (pro hac)
mark.deckman@dlapiper.com
DLA PIPER LLP (US)
1251 Avenue of the Americas
New York, NY 10020
Phone: (212) 335-4500

*Counsel for Defendants HDI-Gerling Industrial Insurance Company UK Branch, Starr Managing Agents Limited (SMAL), Torus Insurance (UK) Limited, Federal Insurance Company, Infrassure Limited, ACE European Group Limited, Mapfre Global Risks, Compania Internacional De Seguros Y Reaseguros and Hardy (Underwriting Agencies)*

Defendants HDI-Gerling Industrial Insurance Company UK Branch, Starr Managing Agents Limited (SMAL), Torus Insurance (UK) Limited, Federal Insurance Company, Infrassure Limited, ACE European Group Limited, Mapfre Global Risks, Compania Internacional De Seguros Y Reaseguros and Hardy (Underwriting Agencies) (hereinafter, collectively "Insurers"), by counsel, respectfully submit this Motion and Incorporated Memorandum of Law to Dismiss or, Alternatively, Compel Arbitration And Stay This Action ("Motion").

## INTRODUCTION

Insurers file this Motion to Dismiss in response to Bradshaw Construction Corporation's ("Bradshaw") Amended Complaint which was served on May 1, 2015. Insurers incorporate into this Motion all of the facts and arguments set forth in the previously filed Motion to Dismiss or, Alternatively, Compel Arbitration And Stay This Action dated January 15, 2015. [Dkt 8]

Under FRCP 12(b)(1) this action should be dismissed for lack of subject matter jurisdiction because the issues in dispute are subject to a valid and enforceable arbitration agreement. Pursuant to the arbitration agreement between Insurers and Bradshaw the submission of the issues to arbitration is a *condition precedent* to the commencement of a lawsuit, which Plaintiff has failed to comply with.

It it's prior ruling (Dkt 44), this Court concluded that the arbitration clauses encompassed the dispute but there was an issue as to whether the clause was in the insurance contract. Since that time, copies of the insurance contracts and Declarations of the underwriters have been obtained, all of which establish unequivocally that the insurance contracts do contain arbitration provisions. Exs. A and B.  Indeed, as it turns out, it appears that the arbitration provisions were provided by Bradshaw's insurance broker. Ex. C. Therefore, under the circumstances, this matter should be immediately dismissed and referred to arbitration. Where, as here, there is a valid,

enforceable and irrevocable arbitration agreement under the Federal Arbitration Act ("FAA") and the Florida Arbitration Code § 682.02 (2009), Bradshaw is required to arbitrate its claims against the Insurers.

Accordingly, since Bradshaw failed to comply with the valid and enforceable arbitration agreement, this Court should dismiss this action pursuant to FRCP 12(b)(1) or, in the alternative, Florida Arbitration Code § 682.03.  In the alternative, this Court should, at a minimum, stay these proceedings pending the result of the arbitration proceedings.

## FACTS

Bradshaw's claim arises out of a project to install a 54" storm sewer tunnel under the I-595 in Broward County, Florida (the "Project"). Bradshaw was hired by Dragados USA, Inc. to perform the tunnel work for the Project.  Among other things, the subcontract between Bradshaw and Dragados required Bradshaw to install reinforced concrete pipe to be provided by Dragados.

As part of the project, insurance contracts were issued naming, among others, Bradshaw as an insured. In order to place the whole risk, two insurance contracts were issued numbered B0901LB0912694000 and B0901LB0912448000 (the "Insurance Contracts"). The Insurance Contracts both contain a valid and enforceable arbitration agreement ("Arbitration Agreement").

The Arbitration Agreement provides in relevant part:

**General Conditions**

\* \* \*

8.      ARBITRATION

> If any differences shall arise as to the amount to be paid under this Policy (liability being otherwise admitted) such differences shall be referred to an Arbitrator to be appointed by the parties in accordance with the statutory provisions in that behalf for the time being in force. Where any difference is by this Condition to be referred to arbitration the making of an award shall be a condition precedent to any right of action against the Insurers.

See Exhibits A and B.

The Underwriters have confirmed in their Declarations that the arbitration provision is in both Insurance Contracts.   In addition, the reason that there are two insurance contracts is because the Direct Procurement Insurers have 55% of the risk and Surplus Lines Insurers have the remaining 45% of the risk. Thus it is indisputable that the matter belongs in arbitration. Importantly, the arbitration provision was provided to the Insurers by Plaintiff's insurance broker. Ex. C. Therefore, in the event there was any ambiguity (and there is none) the arbitration provisions should be construed against Bradshaw and in favor of arbitration.

In an effort to resolve this matter quickly and efficiently, the Insurers sent a letter to Plaintiff's counsel requesting that the litigation be dismissed without prejudice in favor of arbitration, as required under the Insurance Contracts. Correspondingly, the Insurers stated that they will work with plaintiff to ensure that the arbitration moves forward promptly.  Exhibit D. Insurers have not received a response and, therefore, have filed this motion.

EAST\100683194.2

## CONCLUSION

For all the foregoing above reasons, Insurers respectfully move this Court to enter an Order dismissing this action or, alternatively, compelling arbitration and staying all proceedings against Insurers pending the outcome of arbitration.

Dated: May 22, 2015

Respectfully submitted,

*/s/ Ardith Bronson*
Ardith Bronson (FBN 423025)
ardith.bronson@dlapiper.com
DLA PIPER LLP (US)
200 South Biscayne Boulevard
Suite 2500
Miami, FL 33131-5341
Phone: (305) 423-8500
Fax: (305) 503-9583

Aidan M. McCormack (pro hac)
aidan.mccormack@dlapiper.com
Mark L. Deckman (pro hac)
mark.deckman@dlapiper.com
DLA PIPER LLP (US)
1251 Avenue of the Americas
New York, NY 10020
Phone: (212) 335-4500

*Counsel for Defendants HDI-Gerling Industrial Insurance Company UK Branch, Starr Managing Agents Limited (SMAL), Torus Insurance (UK) Limited, Federal Insurance Company, Infrassure Limited, ACE European Group Limited, Mapfre Global Risks, Compania Internacional De Seguros Y Reaseguros and Hardy (Underwriting Agencies)*

## CERTIFICATE OF COUNSEL

Pursuant to Local Rule 7.1(a)(3), the undersigned counsel for Insurers hereby certifies that counsel for Insurers conferred with Plaintiff's counsel on the issues raised in this Motion and that after such a good faith conference, Plaintiff's counsel cannot agree to the relief requested herein.

/s/ Mark L. Deckman
Mark L. Deckman

- 5 -

## CERTIFICATE OF SERVICE

I hereby certify that on May 22, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Ardith Bronson
Ardith Bronson (FBN 423025)

**Service List**
Christine A. Gudaitis
cgudaitis@vpl-law.com
Ashley Brooke Hacker
ahacker@vpl-law.com
Ver Ploeg & Lumpkin
100 S.E. 2nd Street
30th Floor
Miami, FL  331331-2154
Tel.  (305) 577-3996
Fax:  (305) 577-3558

*Counsel for Plaintiff*
*Bradshaw Construction Corporation*

100683194

EAST\100683194.2